UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERNEST MAJOUE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-4271** |
| **ALLSTATE INSURANCE COMPANY** | **SECTION "S" (4)** |

## ORDER AND REASONS

**IT IS ORDERED** that Allstate Insurance Company's Motion for Partial Summary Judgment on Plaintiff's Claim under La. Rev. Stat. § 22:658 (Rec. Doc. 26) is **GRANTED**.

**IT IS FURTHER ORDERED** that Allstate Insurance Company's Motion for Partial Summary Judgment (Rec. Doc. 27) is **GRANTED** to the extent that Allstate is entitled to an off-set for damages previously paid to plaintiff under his insurance policies and **DENIED** regarding additional damages to which plaintiff may be entitled.

## BACKGROUND

Plaintiff, Ernest Majoue, filed suit in this Court against Allstate Insurance Company alleging that he had a homeowners' policy with Allstate when Hurricane Katrina made landfall. He alleges that as a result of the hurricane's extreme winds and tornados, his home was totally destroyed, and that Allstate has acted arbitrarily and capriciously in failing to pay him for losses sustained. Allstate argues that Majoue received sums for flood losses from his flood insurer in addition to proceeds from his homeowners' policy for possible wind damage to his roof and the garage of his house.

Allstate has filed a Motion for Partial Summary Judgment on Plaintiff's Claim for attorneys' fees and penalties under La. Rev. Stat. § 22:658 and a Motion for Partial Summary Judgment regarding the extent of plaintiff's recovery. Allstate argues that Majoue's claim for attorneys' fees and penalties under La. Rev. Stat. § 22:658 must be determined under the version of that statute that was in effect when plaintiff filed his claim on July 19, 2006, that version would limit Majoue to a penalty of twenty-five percent and does not provide for attorneys' fees. Allstate also argues that this Court must limit Majoue's recovery under his homeowner's policy to the value of his property, minus the insurance payments that he has already received for his Hurricane Katrina damage.

## DISCUSSION

**A.    Allstate Insurance Company's Motion for Partial Summary Judgment on Plaintiff's Claim under La. Rev. Stat. § 22:658.**

Allstate argues that Majoue's claim for attorneys' fees and penalties under La. Rev. Stat. § 22:658 is governed by the version of that statute that was in effect when plaintiff filed his claim on July 19, 2006. Historically, La. Rev. Stat. § 22:658 has undergone several revisions which have changed the amount of penalties recoverable and the availability of attorneys fees. Before 2003, the penalties recoverable under La. Rev. Stat. § 22:658 were limited to ten percent, and attorneys' fees were recoverable. In 2003, the statute was amended to increase the available penalty to twenty-five percent and to omit attorneys' fees. On August 15, 2006, the statute was amended to increase the penalty to fifty percent and to provide for the recovery of attorneys' fees.

Allstate argues that Majoue is not entitled to recover a fifty percent penalty nor attorneys' fees as a matter of law because the applicable version of the statute in effect in July 2006, when Majoue filed his claim, limits him to a twenty-five percent penalty and prohibits the recovery of attorneys' fees. Allstate cites several cases in support of its argument that the August 2006

2

amendment to La. Rev. Stat. § 22:658 is not retroactive. For instance, in *Weiss v. Allstate*, No. 06-3774, 2007 WL 1017341, at *3 (E.D. La. Mar. 28, 2007), the Court found that the relevant events in the lawsuit occurred no later than June 15, 2006 and the August 15, 2006 amendment to La. Rev. Stat. § 22:658 was not intended to be applied retroactively. *Id.* (emphasis added). The Court granted Allstate's motion for summary judgment. *Id.*

Majoue does not dispute that the August 15, 2006, version of the statute has prospective application only, but asserts that the applicable version of La. Rev. Stat. § 22:658 is determined not by the date that the suit was filed, but when the facts giving rise to the claim for damages arose. Majoue argues that date was the date when the thirty-day period within which the insurer was required to pay the claim expired, citing *Francis v. Travelers Ins. Co.*, 581 So. 2d 1036, 1044 (La. App. 1st Cir. 1991)(explaining that the time the penalty comes into existence determines which penalty percentage applies under La. Rev. Stat. § 22:658).

Majoue reported his claim to Allstate on or about September 23, 2005, and Allstate inspected the property in October 2005. Majoue submitted a contents list in January 2006, and Allstate denied his claim in February or March of 2006. Majoue has provided no support that Allstate's alleged arbitrary and capricious behavior occurred and the penalty came into existence after August 15, 2006. Therefore, this Court finds Majoue's claim for attorneys' fees and penalties came into existence before the August 2006 amendment and that the amendment does not apply in this case. The 2003 version of La. Rev. Stat. § 22:658, which provides a twenty-five percent penalty and no attorneys' fees, governs Majoue's claim.

**B.     Allstate Insurance Company's Motion for Partial Summary Judgment.**

Allstate's motion for summary judgment seeks to limit Majoue's recovery under his

homeowners' policy to the value of his property, minus the insurance payments he has already received under his flood and homeowners' policies. The parties do not dispute that an insured cannot recover twice for the same loss and is only entitled to recover proceeds under his flood and homeowners' insurance that do not exceed the value of his property. *Weiss v. Allstate*, No. 06-3774, 2007 WL 891869, at *2 (E.D. La. Mar. 21, 2007); *Esposito v. Allstate,* No. 06-1837, 2007 WL 1125761, at *2 (E.D. La. Apr. 16, 2007); *Wellmeyer v. Allstate*, No. 06-1585, 2007 WL 1235042, at * 2-3 (E.D. La. Apr. 26, 2007).

However, Allstate argues that in addition to proceeds previously received by Majoue the value of his loss must be determine by Allstate's estimate from the Marshall Swift residential Cost Handbook, a publication created by a third-party expert which provides building cost data. Allstate alleges that this Court must use the Marshall & Swift estimate to determine Majoue's loss because Majoue has no expert witness to value his loss and the deadline for exchanging expert reports has passed.

Majoue argues that a genuine issue of material fact exists regarding the replacement cost of his dwelling. Majoue contends that he has received an estimate from Fred Badon of F&M Badon Construction, Inc., which demonstrates the cost of rebuilding his home and the garage. Majoue contends that his construction witness, Mr. Badon, is not a witness who is specifically retained or specially employed to provide expert testimony in this case. The estimate obtained from Badon for the rebuilding of Majoue's property is not an expert report and Badon's testimony will not be that of an expert.

"Federal Rule of Evidence 701 was amended in 2000 to prohibit lay witnesses from offering opinions based on 'scientific technical or other specialized knowledge within the scope of Rule

702.'"  *DIJO, Inc. v. Hilton Hotels Corp.*, 351 F. 3d 679, 685 (5th Cir. 2003).  A lay witness is entitled to testify about information based on his first-hand knowledge.  *Id.*  This Court finds that Majoue will offer Badon's testimony and his estimate regarding the rebuilding of Majoue's property as a lay witness and not as an expert.  Badon's estimate for repairs is not based on scientific, technical, or other specialized knowledge.  Therefore, this Court finds that Badon is not required to submit an expert report.  In addition, Allstate deposed Badon on July 23, 2007 and cannot claim surprise regarding his possible testimony at trial.  This Court finds that his estimate for repairs to Majoue's home is sufficient to inform the defendant of the extent of his testimony, and he will be allowed to testify.  Therefore, genuine issues of material fact preclude the granting of summary judgment on the additional damages to which Majoue may be entitled.

## CONCLUSION

Allstate Insurance Company's Motion for Partial Summary Judgment on Plaintiff's Claim under La. Rev. Stat. § 22:658 (Rec. Doc. 26) is **GRANTED**, and Allstate Insurance Company's Motion for Partial Summary Judgment (Rec. Doc. 27) is **GRANTED** to the extent that it is entitled to an off-set for damages previously paid to plaintiff under his insurance policies and **DENIED** regarding the extent of additional damages to which plaintiff may be entitled.

New Orleans, Louisiana, this ___30th___ day of August, 2007.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**